UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BEVERLY GROSE, f/k/a
BEVERLY HARRINGTON,

       Plaintiff,

v

PATRICIA CARUSO, JOAN YUKINS, BRUCE CURTIS, SHERILYN BUTLER, GOPAL KRISHNA SINGHAL, AND CMS,

       Defendants.

No. 06-cv-15175

HON. GEORGE CARAM STEEH
MAG. DONALD A. SCHEER

---

| Jay G. Yasso (P45484)<br>Patricia A. Stamler (P35905)<br>Sommers, Schwartz, (Southfield)<br>*Attorneys for Plaintiff*<br>2000 Town Center, Suite 900<br>Southfield, MI 48075-1100<br>Phone: 248-355-0300 | Michael D. Kennedy<br>Thomas J. Trenta Assoc.<br>33 Bloomfield Hills Parkway<br>Suite 155<br>Bloomfield Hills, MI 48304<br>248-554-9900 | Kevin Himebaugh (P53374)<br>Assistant Attorney General<br>*Attorney for Defendants Caruso,*<br>*Curtis and Butler*<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-7021 |

## **DEFENDANTS CARUSO AND CURTIS'S MOTION TO DISMISS**

Defendants Caruso and Curtis, represented by the Attorney General, under Fed R Civ P 12(b)(6), now move the Court to enter its Order granting dismissal in favor of Defendants and dismissing Plaintiff's Complaint based on those grounds set forth in Defendants' accompanying brief.

       Respectfully submitted,

       Michael A. Cox
       Attorney General

       */s/ Kevin Himebaugh*
       Assistant Attorney General
       Attorney for Defendants
       PO Box 30217
       Lansing, MI 48909
       Phone:  (517) 335-7021
       himebaughk@michigan.gov
       (P53374)

Dated:  February 2, 2007
Harrington  2006030001A ED\KH Pleadings\DISMISS.mot.brf.

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BEVERLY GROSE, f/k/a
BEVERLY HARRINGTON,

    Plaintiff,                No. 06-cv-15175

v

                                 HON. GEORGE CARAM STEEH

PATRICIA CARUSO, JOAN YUKINS, BRUCE  MAG. DONALD A. SCHEER
CURTIS, SHERILYN BUTLER, GOPAL
KRISHNA SINGHAL, AND CMS,

    Defendants.

| Jay G. Yasso (P45484) | Michael D. Kennedy | Kevin Himebaugh (P53374) |
|---|---|---|
| Patricia A. Stamler (P35905) | Thomas J. Trenta Assoc. | Assistant Attorney General |
| Sommers, Schwartz, (Southfield) | 33 Bloomfield Hills Parkway | *Attorney for Defendants Caruso,* |
| *Attorneys for Plaintiff* | Suite 155 | *Curtis and Butler* |
| 2000 Town Center, Suite 900 | Bloomfield Hills, MI 48304 | Corrections Division |
| Southfield, MI 48075-1100 | 248-554-9900 | P.O. Box 30217 |
| Phone: 248-355-0300 | | Lansing, MI  48909 |
| | | (517) 335-7021 |

## BRIEF IN SUPPORT OF DEFENDANTS
## CARUSO AND CURTIS'S MOTION TO DISMISS

### Introduction

      This is a civil rights action brought under 42 USC § 1983 by Beverly Harrington (f/k/a Beverly Grose).  The facts arose from her participation in the Special Alternative Incarceration Women's Program (Boot Camp), and then while incarcerated at the Scott Correctional Facility.  The defendants are Correctional Medical Services (CMS), Patricia Caruso, Joan Yukins, Bruce Curtis, Sherilyn Butler, and Gopal Krishna.  Patricia Caruso is the Director of the Michigan Department of Corrections.  Bruce Curtis is the Warden for the Special Alternative Incarceration Program.  This motion is on behalf of Defendants Caruso and Curtis only.

      Because this is a motion to dismiss rather than a motion for summary judgment, there are no facts being offered outside the pleadings.  According to the complaint, Plaintiff was incarcerated at the Boot Camp in November of 2004.  Two days after being medically cleared, Plaintiff fell off her bunk and injured her knees.  Over the next four weeks, she made complaints

1

to, and received treatment from, CMS medical service providers. (Complaint, ¶¶ 11-30). On December 15, 2004, Plaintiff was medically terminated from Boot Camp and transferred to the Scott Correctional Facility. (Complaint, ¶¶ 31-32). Plaintiff continued to receive treatment while at Scott, including an evaluation by an orthopedic specialist. Plaintiff asserts that her medical care was untimely and deficient. (Complaint, ¶¶ 33-52). She claims that Defendants Caruso and Curtis knew about problems with the medical care provided by CMS, but failed to take appropriate action.

## **Argument**

In ruling on a motion to dismiss, "[t]he complaint must be construed in the light most favorable to plaintiff, and its well-pleaded facts must be accepted as true," but this Court "need not accept as true legal conclusions or unwarranted factual inferences."[1] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[2] Plaintiff has failed to state a claim against Defendants Caruso and Curtis. Furthermore, Defendants Caruso and Curtis are entitled to qualified immunity.

Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law."[3] The Supreme Court has set forth a two-prong test for analyzing qualified immunity. First, a court must determine whether a constitutional right would have been violated on the facts alleged. If no violation is established, then the inquiry ends. If a violation is established, the second step is for a court to determine whether the right was clearly established.[4] Regarding the second prong, a court must address the "objective legal

---

[1] *Morgan v Church's Fried Chicken*, 829 F2d 10, 12 (CA 6, 1987).
[2] *West v Atkins*, 487 US 42, 48 (1988).
[3] *Malley v Briggs*, 475 US 335, 341 (1986).
[4] *Saucier v Katz*, 533 US 194, 201 (2001).

2

reasonableness of an official's conduct, as measured by reference to clearly established law…."[5] The Sixth Circuit has turned "objective legal reasonableness" into a distinct third prong of the analysis.[6]

    A.    <u>Plaintiff has failed to state a claim.</u>

Turning to the first prong of the qualified immunity analysis, Plaintiff has failed to establish a constitutional violation. Under Plaintiff's theory, the Director of the MDOC, Wardens, and other supervisory officials should be held personally liable for the medical mistakes of health care providers. There is no legal foundation for this theory of liability.

Plaintiff's claim is for a violation of the Eighth Amendment. (Complaint, ¶ 73).[7] "As applied to prisoners, this constitutional guarantee encompasses a right to medical care for serious medical needs...."[8] A conditions-of-confinement claim under the Eighth Amendment must establish both an objective and a subjective component. The objective component requires a plaintiff to show that the alleged deprivation was "sufficiently serious." The subjective component requires a plaintiff to show that the prison officials had "a sufficiently culpable state of mind."[9] Defendants will concede for the purpose of this motion only that Plaintiff has established the objective component. Nevertheless, Plaintiff's action should be dismissed because she has failed to establish the subjective component.

---

[5] *Harlow v Fitzgerald*, 457 US 800, 818 (1982).
[6] *See Williams v Mehra*, 186 F3d 685, 691 (CA 6, 1999)(en banc).
[7] Plaintiff also cites to the Fourteenth Amendment, but this is presumably because the Eighth Amendment applies to the States by incorporation through the Fourteenth Amendment, not because the Fourteenth Amendment supplies a separate cause of action.
[8] *Perez v Oakland County*, 466 F3d 416, 423 (CA, 6 2006).
[9] *Brown v Bargery*, 207 F3d 863, 867 (CA 6, 2000).

The subjective element in a conditions-of-confinement case is "deliberate indifference."[10] Under the deliberate indifference standard, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety."[11] To meet this high standard, Plaintiff is required to show that Defendants Caruso and Curtis acted "recklessly", "knowingly and unreasonably disregarding an objectively intolerable risk of harm."[12] This standard requires more than proof of mere negligence or even "gross negligence."[13] Deliberate indifference can be equated with "subjective recklessness" as used in the criminal law.[14] Furthermore, actual knowledge of harm is required. An "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[15] Plaintiff has failed to allege that Defendants Caruso and Curtis knew of, and then disregarded, her serious medical condition.

Plaintiff's claim against Defendants Caruso and Curtis is based not on direct involvement with her medical care, but on supervisory liability. This theory fails, however, because "there is no respondeat superior liability under § 1983."[16] Defendants Caruso and Curtis cannot be held liable simply because they were supervisors, or for failure to adequately train. "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly

---

[10] *Farmer v Brennan*, 511 US 825, 834 (1994).
[11] *Farmer*, 511 US at 837.
[12] *Farmer*, 511 US at 846.
[13] *Walker v Norris*, 917 F2d 1449, 1454 (CA 6, 1990).
[14] *Farmer*, 511 US at 839-40.
[15] *Farmer*, 511 US at 837.
[16] *Skinner v Govorchin*, 463 F3d 518, 525 (CA 6, 2006).

4

participated in it."[17] Plaintiff does not allege that Defendants Caruso and Curtis actively encouraged the alleged constitutional violations regarding her medical care.

Moreover, under a failure-to-supervise theory, the underlying actions of the subordinates must be found to be unconstitutional. Plaintiff's Complaint reveals that she received a significant amount of medical care. Plaintiff does not allege that she was completely denied medical care, but that she was "wrongly diagnosed," that her requests for care "had been responded to in an untimely or unprofessional manner," and that her medical care was not "adequate." (See, e.g., Complaint ¶¶ 18, 44, 60). At most, Plaintiff's claims sound in medical malpractice, which is insufficient to establish a cognizable claim under the Eighth Amendment. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[18]

Plaintiff also advances a theory of liability against Defendants Caruso and Curtis that they adopted policies, practices, and procedures that caused Plaintiff injury, and that they failed to adequately train and oversee medical personnel. (Complaint, ¶ 74a-f). But this theory of liability applies to municipalities, not individuals.[19] In short, Plaintiff has failed to state a claim upon which relief can be granted against Defendants Caruso and Curtis.

B.    The law was not clearly established.

Even if Plaintiff has arguably stated a claim, Defendants Caruso and Curtis are entitled to qualified immunity because the law was not clearly established. Corrections employees "are shielded from liability for civil damages insofar as their conduct does not violate clearly

---

[17] *Shehee v Luttrell*, 199 F3d 295, 300 (CA 6, 1999).
[18] *Estelle v Gamble*, 429 US 97, 106 (1976).
[19] *Ellis v Cleveland Mun. Sch. Dist.*, 455 F3d 690, 700-701 (CA 6, 2006).

5

established statutory or constitutional rights of which a reasonable person would have known."[20] Moreover, if officials "of reasonable competence could disagree on whether the conduct violated the plaintiff's rights," then Defendants are entitled to qualified immunity.[21]

In order to find that a clearly established right exists, "the district court must find binding precedent by the Supreme Court, [the Sixth Circuit], the highest court in the state in which the action arose, or itself, so holding."[22]  Moreover, it is not up to the Defendants to prove that the law was not clearly established.  Rather, "[t]he burden of convincing a court that the law was clearly established rests squarely with the plaintiff."[23]

Defendants Caruso and Curtis are aware of no case law that would have put them on notice that they could be held personally liable for the medical decisions of CMS and its employees.  Accordingly, they are entitled to qualified immunity.

---

[20] *Harlow*, 457 US at 818.
[21] *Caldwell v Woodford County Chief Jailor*, 968 F2d 595, 599 (CA 6 1992).
[22] *Wayne v Village of Sebring*, 36 F3d 517, 531 (CA 6 1994).
[23] *Key v Grayson*, 179 F3d 996, 1000 (CA 6 1999).

## Conclusion and Relief Sought

For the reasons discussed above, Defendants Caruso and Curtis request that this Court dismiss Plaintiff's claims against them, either because Plaintiff has failed to state a claim upon which relief can be granted, or because Defendants Caruso and Curtis are entitled to qualified immunity.

Respectfully submitted,

Michael A. Cox
Attorney General

*/s/ Kevin Himebaugh*
Assistant Attorney General
Attorney for Defendants
PO Box 30217
Lansing, MI 48909
Phone:  (517) 335-7021
himebaughk@michigan.gov
(P53374)

Dated:  February 2, 2007
Harrington  2006030001A ED\KH Pleadings\DISMISS.mot.brf.

---

**PROOF OF SERVICE:**
I hereby certify that on February 2, 2007, the foregoing paper was presented and uploaded to the United States District Court ECF System which will send notification of such filing to the attorneys of record listed herein and I hereby certify that a copy of this same documents was mailed by US Postal Service the document to any involved non-participant.

*/s/ Kevin Himebaugh*
Assistant Attorney General
Attorney for Defendants

---

7