UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY GROSE,

    Plaintiff,

                                      Case No. 06-CV-15175
vs.                                  HON. GEORGE CARAM STEEH

PATRICIA CARUSO, et al.,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS CARUSO'S, CURTIS'S AND YUKINS' MOTION FOR STAY PENDING APPEAL (#36)

Defendants Michigan Department of Corrections (MDOC) Director Patricia Caruso, MDOC Special Alternative Incarceration (SAI) Administrator Bruce Curtis, and MDOC Deputy Director of Field Operations Joan Yukins, each in their individual capacities, move for a stay of proceedings pending their appeal of the court's April 11, 2007 denial of their motion to dismiss based on qualified immunity.

Plaintiff Beverly Grose alleges in her February 1, 2007 First Amended Complaint that the several defendants are liable under 42 U.S.C. § 1983 for violations of the Eighth Amendment arising from their deliberate indifference to Grose's need and continuing requests for medical treatment for knee fractures she allegedly sustain while incarcerated at an MDOC SAI Boot Camp in November 2004. Defendants Caruso's, Curtis's, and Yukins' February 2, 2007 motion to dismiss, premised in part on qualified immunity, was denied on April 11, 2007 following a hearing on the motion. Defendants filed a notice of

appeal on May 7, 2007, and the instant motion for a stay pending appeal on June 14, 2007. Defendants argue that discovery in this matter should be stayed, at least with respect to Grose's claims that they are individually liable, because the issue raised on appeal is qualified immunity, citing English v. Dyke, 23 F.3d 1086, 1089 (6th Cir. 1994).

Parties seeking a stay of a district court order pending appeal must first move for relief in the district court. Fed. R. App. P. 8(a)(1)(A). In deciding whether to grant a stay pending appeal, courts should consider the same factors traditionally considered in determining whether to grant preliminary injunctive relief: (1) the likelihood that the appealing party will prevail on the merits; (2) the likelihood the appealing party will be irreparably harmed if the stay is not granted; (3) the prospect that others will be harmed if the stay is not granted; and (4) the public interest in granting a stay. Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991). These factors are not independent prerequisites, but interrelated considerations that should be balanced together. Id.

Defendants have not attempted to address the above factors, but instead argue that the basis of their appeal itself, qualified immunity, warrants a stay of proceedings because qualified immunity is "an immunity from suit rather than a mere defense to liability," and a purpose of qualified immunity is to "avoid subjecting government officials either to the costs of trial or to the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." Defendants' June 14, 2007 Brief, at 3 (citing Saucier v. Katz, 533 U.S. 194, 200 (2001) and Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)). While the court agrees with these general axioms of law, defendants do not explain why they are likely to prevail on the merits of their appeal

2

under the specific circumstances of this case. "[O]fficials may immediately appeal an adverse ruling on their defense of qualified immunity; however, they may only do so if the appeal presents a neat abstract [issue] of law rather than the question of whether the record demonstrates a genuine issue of fact for trial." Hoover v. Radabaugh, 307 F.3d 460, 465 (6th Cir. 2002) (internal quotations omitted). Defendants have not explained why the court's ruling that Grose could possibly develop facts in discovery to support a claim that the defendants are individually liable for the alleged deliberate indifference to her need for medical treatment poses "a neat abstract issue of law." English, relied upon by the defendants, adjudicated the purely legal issue of whether the prison official defendants' failure to raise qualified immunity in their pre-answer motion to dismiss waived the defense for purposes of moving post-answer for summary judgment. English, 23 F.3d at 1090 (holding that the defense was not waived). English is distinguishable.

In addition to failing to persuade this court of their likelihood of prevailing on appeal, defendants have not argued that they or others will be irreparably harmed if the stay is not granted, or that the public interest weighs in favor of granting a stay. Griepentrog, 945 F.2d at 153. Balancing these factors,

Defendants' motion for a stay pending appeal is hereby DENIED.

SO ORDERED.

Dated: August 2, 2007

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 2, 2007, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk