UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY GROSE, f/n/a
BEVERLY HARRINGTON,

Plaintiff,

vs.

Case No. 06-CV-15175
HON. GEORGE CARAM STEEH

CORRECTIONAL MEDICAL SERVICES, et al.,

Defendants.

______________________________/

OPINION AND ORDER
ACCEPTING JULY 2, 2009 REPORT AND RECOMMENDATION (# 154) AND
GRANTING DEFENDANTS CMS', SINGHAL'S, BURCH'S, AND
DR. HUTCHINSON'S MOTION TO DISMISS (#107)

On September 23, 2008, defendants Correctional Medical Services ("CMS"), Gopal Singhal, Jane Burch, and Dr. Craig Hutchinson moved for dismissal or summary judgment of plaintiff Beverly Grose's 42 U.S.C. § 1983 claims of deliberate indifference to her serious medical needs while she was a state prisoner in the custody of the Michigan Department of Corrections ("MDOC"). The motion was referred to Magistrate Judge Donald Scheer, who issued a thirty-seven page July 2, 2009 Report and Recommendation recommending that the motion for summary judgment be granted. Magistrate Judge Sheer finds that reasonable jurors could not conclude on this record that treating CMS Physician Assistants ("PA") Singhal or Burch acted with the requisite subjective culpability. Magistrate Judge Scheer also concludes that reasonable jurors could not find CMS Regional Medical Director Dr. Hutchinson liable under a theory of supervisor liability absent evidence that Dr. Hutchinson facilitated, encouraged, or condoned acts of deliberate indifference to Grose's

serious medical needs. Magistrate Judge Scheer further finds that Grose failed to proffer evidence which would allow a reasonable jury to conclude that a CMS policy, custom, or practice of inadequate training or supervision constituted deliberative indifference to Grose's need for medical treatment and caused Grose's injuries.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Grose filed timely objections on July 14, 2009.

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-

movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

**I. PA Singhal and PA Burch**

To succeed on an Eighth Amendment claim involving a denial of medical care, the plaintiff "must show that the defendants acted with 'deliberate indifference to serious medical needs.'" Dominguez v. Correctional Medical Services, 555 F.3d 543, 550 (6th Cir. 2009) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Professional negligence "in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." Id. (quoting Estelle, 429 U.S. at 104). An Eighth Amendment claim for deliberate indifference has both an objective and a subjective component. Id. The objective component requires proof of a "sufficiently serious" medical need. Id. The subjective component requires proof of "a sufficiently culpable state of mind in denying medical care." Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994), Estelle, 429 U.S. at 104, and Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000)). This subjective standard "is meant to prevent the constitutionalization of medical malpractice claims[.]" Dominguez, 555 F.3d at 550 (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001)). With regard to the subjective component of deliberate indifference:

> [T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs is essential to a finding of deliberate indifference.

Blackmore, 390 F.3d at 895 (quoting Farmer, 511 U.S. at 837, and Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994)) (internal quotations omitted). "[A] plaintiff need not show that the [defendant] acted with the specific intent to harm[.]" Dominguez, 555 F.3d at 550 (quoting Phillips v. Roane County, 534 F.3d 531, 540 (6th Cir. 2008)).

Rather, the requisite subjective state of mind has been described as "the equivalent of recklessly disregarding" a substantial risk of serious harm to a prisoner, id. (quoting Comstock, 273 F.3d at 703), and as conduct demonstrating "a level of 'obduracy and wantonness' greater than simple 'inadvertence or error in good faith . . . ." Scicluna v. Wells, 345 F.3d 441, 445 (6th Cir. 2003) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

Construing the pleadings and evidence de novo in a light most favorable to Grose, and in light of Grose's specific objections, the court agrees with Magistrate Judge Scheer that reasonable jurors could not conclude on this record that PA Singhal or PA Burch acted with obduracy and wantonness, and recklessly disregarded bilateral fractures of Grose's knees of which Singhal or Burch knew or should have known from circumstances clearly indicating such injuries. McLean, 224 F.3d at 800; Dominguez, 555 F.3d at 550; Blackmore, 390 F.3d at 895; Scicluna, 345 F.3d at 445. Reasonable jurors could not conclude that, prior to December 15, 2004 x-rays, PA Singhal or PA Burch knew or clearly should have known that Grose had fractured her knees. PA Singhal's and PA Burch's failure to properly diagnose fractured knees prior to December 15, 2004 amounts at best to medical malpractice. Dominguez, 555 F.3d at 550. PA Singhal's conduct after learning of Grose's fractures could not be construed by reasonable jurors as reckless, obdurate, or wanton as to the need for continuing medical treatment. McLean, 224 F.3d at 800; Dominguez, 555 F.3d at 550; Scicluna, 345 F.3d at 445. PA Singhal submitted a written request for an orthopedic consult on December 16, 2004, submitted three written follow-up requests prior to Grose's June 21, 2005 bone graft surgery, submitted an urgent request for the bone graft surgery, submitted an August 17, 2005 written request for post-surgical follow-up care, and submitted a September 9, 2005 written request for additional follow-up

care. PA Singhal's failure to submit the August 17, 2005 written request for post-op follow-up care earlier does not support a reasonable inference that the delay was the result of deliberate indifference, particularly when considering evidence in the record indicating the June 24, 2005 discharge instructions were initially mis-filed.

The majority of Grose's page-by-page objections to the Report and Recommendation are without merit on their face, conclusionary, or perfunctory as failing to specifically address the relevancy of the objection with respect to Magistrate Judge Scheer's finding that reasonable jurors could not conclude that Singhal or Burch acted with the requisite subjective culpability. McPherson v. Kelsey, 125 F.3rd 989, 995-96 (6th Cir. 1997). Those objections include: the record creates genuine issues of fact while generally referencing Grose's Response briefs and attached Exhibits; the Magistrate Judge failed to consider all of the allegations in the Third Amended Complaint; the Magistrate Judge failed to reference all standards for reviewing a motion under Rule 12(b)(6) and Rule 56; the "Summary of Evidence" ignored Grose's "Counter-Statement of Facts"; the Magistrate Judge depicts the record in a biased manner; the Report and Recommendation fails to reference Grose's original "Supplemental Statement of Facts"; the Report and Recommendation does not include numerous salient facts; the Report and Recommendation incorrectly gives greater weight to the defendants' expert witness; the Report and Recommendation wrongly cites Hudson and Pelfrey; the Report and Recommendation fails to properly reference the appropriate standard for finding "deliberate indifference"; the Report and Recommendation fails to recognize that the defendants' knowledge is a question of fact that may be demonstrated by circumstantial evidence; the Report and Recommendation ignores West v. Atkins, 487 U.S. 42 (1988); the Report and Recommendation did not recognize the objective and subjective components of a

deliberate indifference claim; the Report and Recommendation fails to cite caselaw for the proposition that prison officials need not inflict actual injury or cause lasting or permanent pain; the Report and Recommendation fails to address Napier v. Madison County, 238 F.3d 739, 742 (6th Cir. 2001) with reference to treatment delays; the Report and Recommendation fails to fully quote Brooks v. Celeste, 39 F.3d 125, 128 (6th Cir. 1994); the Report and Recommendation repeatedly cites acts and omissions in isolation, contrary to Brooks; Davidson v. Cannon, 474 U.S. 344 (1986) is inapplicable as a case that dealt with prisoner on prisoner violence; inconsistent with Westlake v. Lucas, 537 F.2d 857 (6th Cir. 1976), the Report and Recommendation fails to consider "deliberate indifference" under a totality of the circumstances; the Report and Recommendation erroneously relies on Scicluna, supra, at 446; the Report and Recommendation fails to fully articulate the legal principles for proof of the subjective standard of deliberate indifference; Birch's failure to apprehend from Grose's medical history a complete hysterectomy and a resulting risk of bone density constituted deliberate indifference, not medical malpractice; Burch's two-week delay in referring Grose to a consultant with greater skills constituted no treatment at all; the Report and Recommendation fails to cite Grose's expert reports; Singhal's delay in referring Grose for post-operative follow-up resulted in an inability of the orthopedic surgeon to effectively treat Grose; the Report and Recommendation fails to view Singhal's acts under the totality of the circumstances; Singhal's failure to properly review medical records, prepare timely forms, and ask fundamental questions constituted deliberate indifference; the Report and Recommendation improperly cites or relies on Perez v. Oakland County, 466 F.3d 416, 435 (2006), Gibson v. Foltz, 963 F.2d 851, 853 (6th Cir. 1992), Horn, 22 F.3rd at 660, and McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir. 1988); and the Report and Recommendation failed to cite Dominguez, supra.  Contrary to these

objections, the Magistrate Judge (and this court on de novo review) applied the appropriate procedural and substantive law in adjudicating the defendants' motion for summary judgment.

Grose's objection that the pattern of delay reflected in the record caused her to suffer permanent injuries does not displace a finding as a matter of law that these injuries did not result from deliberate indifference to her medical needs. Reasonable jurors could not conclude that the delays which did occur arose from subjective deliberate indifference. While a delay in failing to provide medical care to an inmate known to have a serious medical condition may constitute deliberate indifference, Dominguez, 555 F.3d at 551, the delays experienced by Grose under the circumstances reflected in the record, including the circumstance that Grose was continuously provided with medical care throughout her incarceration, do not permit a reasonable inference of subjective deliberate indifference. The evidence and argument set forth in Objections 23, 24, and 37 at best support a finding that Birch committed medical malpractice in failing to diagnose Grose's knee fractures. Even assuming Birch acted without supervision of a physician in violation of a state statute, such does not support a finding that Birch was deliberately indifferent to Grose's need for medical care.

On de novo review, the court finds that Magistrate Judge Scheer was correct in recommending that summary judgment be granted in favor of defendants Singhal and Burch. Grose's objections are not well taken.

## II. Dr. Hutchinson

Liability under 42 U.S.C. § 1983 cannot be imposed solely on the basis of respondeat superior liability. Shehee v. Luttrell, 199 F.3rd 295, 300 (6th Cir. 1999) (citing Hayes v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982)); Taylor v. Mich. Dept. of

Corr., 69 F.3d 76, 81 (6th Cir. 1995) (quoting Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984)).

> . . . . Thus, a supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." [Hayes, 668 F.2d at 874].
>
> *      *      *
>
> . . . . [L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir. 1998), cert. denied, 526 U.S. 1115, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999).

Shehee, 199 F.3rd at 300.

Construing the pleadings and evidence de novo in a light most favorable to Grose, and in light of Grose's specific objections, the court agrees with Magistrate Judge Scheer that reasonable jurors could not conclude from the evidence that Dr. Hutchinson implicitly authorized, approved, or knowingly acquiesced in Singhal's or Burch's alleged acts of deliberate indifference, and therefore Dr. Hutchinson cannot be held liable under a theory of supervisor liability as a matter of law. McLean, 224 F.3d at 800; Shehee, 199 F.3rd at 300. Consistent with the court's determination that reasonable jurors could not find on this record that Singhal or Burch committed an Eighth Amendment violation, it also follows that Dr. Hutchinson cannot be held liable for implicitly authorizing, approving, or knowingly acquiescing in an Eighth Amendment violation committed by Singhal or Burch. Id.

The objections addressed in Section I and found by the court to be without merit on their face, conclusionary, or perfunctory are equally without merit to the extent they apply to Dr. Hutchinson, as are Grose's objections that the Report and Recommendation fails to detail Dr. Hutchinson's duties as alleged in the Third Amended Complaint, and fails to give

a complete recital of the lack of supervision over PA Burch. McPherson, 125 F.3rd at 995-96.

Grose's objections that the Report and Recommendation wrongly states that Dr. Hutchinson's lack of contact with Grose precludes § 1983 liability are without merit. The Report and Recommendation cites and articulates the appropriate standard set forth in Shehee, 199 F.3rd at 300. Randolph v. Decker, No. 2:06-cv-3, 2006 WL 3613204, *5 (E.D. Mich. Dec. 11, 2006), relied upon by Grose, lacks precedential value and does not involve the issue of supervisory liability. Id. at *1 (recognizing that the prisoner-plaintiff told the defendant prison guard directly that he, the prisoner, ran a high risk of harm if he was not moved to another cell). There is no evidence in the record that Dr. Hutchinson ever talked with Grose.

Grose further objects that the Magistrate Judge failed to recognize the duty owing under M.C.L. 333.17076(1)[1] to provide professional supervision to PA Burch when treating Grose at the MDOC's Boot Camp, and that Dr. Hutchinson tacitly approved the inadequate treatment rendered by Burch, failed to train PA Burch regarding the injuries she should expect to see at the Boot Camp, failed to personally audit Boot Camp medical charts, and failed to familiarize himself with the quality of care. At best, these arguments raise issues of a statutory violation and medical negligence, not Eighth Amendment violations. Burch's mis-diagnosis of "overuse syndrome" is not actionable under the Eighth Amendment. Dominguez, 555 F.3d at 550. Grose's citation to the class action lawsuit Haddix to Caruso, No. 4:92-CV-110, 2005 WL 2671289 (W.D. Mich. Oct. 19, 2005) for the proposition that Dr.

---

[1] "Except in an emergency situation, a physician's assistant shall provide medical care services only under the supervision of a physician or properly designated alternative physician, and only if those medical care services are within the scope of practice of the supervising physician and are delegated by the supervising physician."

Hutchinson knew about continuing Eighth Amendment violations is not persuasive. Burch's testimony that she initially received only training with respect to work in a correctional setting does not support a constitutional violation. Grose's argument that the failure to staff the Boot Camp with a supervising physician does not support an Eighth Amendment violation absent evidence that Dr. Hutchinson knew of continuing *constitutional* violations arising from under-staffing, and implicitly authorized, approved, or knowingly acquiesced in these constitutional violations. Shehee, 199 F.3rd at 300. See also Section III, infra.

On de novo review, the court finds that Magistrate Judge Scheer was correct in recommending that summary judgment be granted in favor of defendant Dr. Hutchinson. Grose's objections are not well taken.

**III. CMS**

To hold CMS liable under § 1983, Grose was required to come forward with evidence that an unconstitutional CMS policy, custom, or practice was the proximate cause of her injuries. Monell v. Dep't of Soc. Serv. of New York, 436 U.S. 658, 691, 694 (1978); Sanders v. Sears, Roebuck and Co., 984 F.2d 972, 976 (8th Cir. 1993) (recognizing that a private corporation may be held liable under § 1983 where acting under color of law). Grose was required to show that CMS pursued an official policy, custom, or practice of failing to adequately train or supervise PAs, and that such policy, custom, or practice was adopted by CMS with deliberate indifference towards the constitutional rights of MDOC inmates. See Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc., 32 F.3d 989, 996 n. 8 (6th Cir. 1994). Absent evidence that CMS policy-makers such as Dr. Hutchinson actually knew of an unconstitutional policy, custom, or practice, Grose was required to proffer evidence demonstrating a widespread or significant practice that could support a reasonable inference of constructive knowledge. See Leach v. Shelby County Sheriff, 891

F.2d 1241, 1247 (6th Cir. 1989).

Construing the pleadings and evidence de novo in a light most favorable to Grose, and in light of Grose's specific objections, the court agrees with Magistrate Judge Scheer that reasonable jurors could not conclude on this record that CMS adopted a policy, custom, or practice with deliberate indifference toward Grose's Eighth Amendment right to receive adequate medical care. McLean, 224 F.3d at 800; Haverstick Enterprises, 32 F.3d at 996 n. 8; Leach, 891 F.2d at 1247. Grose has not proffered evidence that Dr. Hutchinson or other CMS policy-makers actually knew that a failure to further train or supervise PAs, a failure to personally audit Boot Camp medical charts, or a failure to familiarize themselves personally with the quality of care provided for injuries similar to those suffered by Grose were resulting in deliberate indifference in the treatment of knee injuries. Id. Nor has Grose proffered evidence of a widespread practice that would allow a reasonable inference that CMS had constructive knowledge of ongoing constitutional violations with respect to the treatment of knee injuries suffered at the Boot Camp. Id. As reasoned by Magistrate Judge Scheer, Grose has failed to proffer evidence that her injuries were proximately caused by a violation of the Eighth Amendment. McLean, 224 F.3d at 800; Monell, 436 U.S. at 691, 694; Canton v. Harris, 489 U.S. 378, 387 (1989).

Again, the page-by-page objections addressed in Sections I and II and found by this court to be without merit on their face, conclusionary, or perfunctory are equally without merit to the extent they apply to CMS, as is Grose's objection that the Report and Recommendation wrongly cites only a portion of the holding in Canton v. Harris, 489 U.S. 378 (1989). McPherson, 125 F.3rd at 995-96.

On de novo review, the court finds that Magistrate Judge Scheer was correct in recommending that summary judgment be granted in favor of defendant CMS. Grose's

objections are not well taken.

## IV. Conclusion

Contrary to Grose's arguments, defendants CMS, Singhal, Burch, and Dr. Hutchinson have met their burden of demonstrating they are entitled to summary judgment as a matter of law. First Nat'l Bank, 391 U.S. at 270; Amway Distributors, 323 F.3d at 390. The record evidence does not support a "pattern of acts" which would allow a reasonable jury to find that any of Singhal's, Burch's, or Dr. Hutchinson's acts or omissions were committed with deliberate indifference. Brooks v. Celeste, 39 F.3d 125, 128 (6th Cir. 1994). Grose's reliance on the continuing violation doctrine recognized in Weigel v. Baptist Hospital of East Tennessee, 302 F.3d 367 (6th Cir. 2002), an Age Discrimination in Employment Act case, is misplaced.

After de novo review of Grose's 49 objections, the court hereby ADOPTS the July 2, 2009 Report and Recommendation as its own, consistent with the analysis set forth herein. Accordingly, defendants CMS's, Singhal's, Burch's, and Dr. Hutchinson's motion for summary judgment is hereby GRANTED. Plaintiff Grose's claims as alleged against defendants CMS, Singhal, Burch, and Dr. Hutchinson are hereby DISMISSED in their entirety.

SO ORDERED.

Dated: August 25, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 25, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk