UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY GROSE, f/n/a
BEVERLY HARRINGTON,

       Plaintiff,

vs.
       Case No. 06-CV-15175
       HON. GEORGE CARAM STEEH

CORRECTIONAL MEDICAL SERVICES, et al.,

       Defendants.

_____/

OPINION AND ORDER
ACCEPTING AUGUST 10, 2009 REPORT AND RECOMMENDATION (# 161) AND
GRANTING DEFENDANTS CARUSO'S, CURTIS'S, YUKINS', AND BUTLER'S
MOTION FOR SUMMARY JUDGMENT (#125)

      Defendants Michigan Department of Corrections ("MDOC") Director Patricia Caruso, Special Alternative Incarceration Program ("SAIC") Warden Bruce Curtis, Deputy Director of Field Operations Joan Yukins, and Scott Correctional Facility ("SCF") Health Unit Manager Sherilyn Butler, R.N., filed a motion for summary judgment on October 31, 2008 as to plaintiff Beverly Grose's 42 U.S.C. § 1983 claims of deliberate indifference to serious medical needs relative to fractured knees. The motion was referred to Magistrate Judge Donald Scheer. Magistrate Judge Scheer issued a Report and Recommendation on August 10, 2009 recommending that the motion be granted. Magistrate Scheer recommends granting summary judgment on finding that: (1) as determined in an earlier July 2, 2009 Report and Recommendation, Grose's treaters Correctional Medical Services ("CMS") Physician Assistants ("PA") Gopal Singhal and Jane Burch ("CMS") were not deliberately indifferent to Grose's serious medical needs, and therefore none of the instant

MDOC defendants may be held liable for an Eighth Amendment violation; (2) reasonable jurors could not conclude on this record that any of the defendants either encouraged or participated in the alleged unconstitutional conduct, or implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct; and (3) assuming for purposes of argument that the MDOC defendants' acts or omissions violated the Eighth Amendment, these defendants are entitled to qualified immunity because none of them would have reasonably understood that their conduct violated Grose's Eighth Amendment right to adequate medical care.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Grose filed timely objections on August 18, 2009.

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S.

2

253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

At the outset, on even date, this court accepted Magistrate Judge Scheer's July 2, 2009 Report and Recommendation in a separate Opinion and Order, and granted summary judgment in favor of CMS and CMS employees PA Singhal, PA Burch, and Dr. Craig Hutchinson. The court overruled Grose's objections to the July 2, 2009 Report and Recommendation, and will not revisit those objections in reviewing the August 10, 2009 Report and Recommendation recommending that the MDOC defendants Caruso's, Curtis's, Yukins', and Butler's motion for summary judgment be granted.

Grose's objection that the Magistrate Judge did not apply the appropriate standards governing a motion for summary judgment is conclusionary and without merit. McPherson v. Kelsey, 125 F.3rd 989, 995-96 (6th Cir. 1997). Magistrate Judge Scheer was not required to give credence to Grose's experts' legal opinions that the MDOC defendants "knowingly acquiesced in or condoned the unconstitutional conduct of CMS and its employees in failing to provide adequate and timely medical care for her serious medical condition." See Berry v. City of Detroit, 25 F.3d 1342, 1353-54 (6th Cir. 1994) (recognizing the proper "exclusion of expert testimony that expresses a legal conclusion," such as an expert opinion that the defendant acted with "deliberate indifference"). Grose's objection that the MDOC defendants may be held liable for the CMS defendants' unconstitutional acts is without merit following the court's acceptance of Magistrate Judge Scheer's July 2, 2009 Report and Recommendation, finding on de novo review that reasonable jurors could

not conclude that any of the CMS defendants violated the Eighth Amendment.

Grose concedes, as she must, that, for the MDOC defendants Caruso, Curtis, Yukins, or Butler to be held personally liable as supervisors, Grose must be able to prove that these defendants "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowing acquiesced in the unconstitutional conduct of the offending officers." Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (quoting Hays v. Jefferson County, Ky., 668 F.2d 869, 874 (6th Cir. 1982)). SCF Health Unit Manager Butler's acts of receiving January 19, 2005 and February 1, 2005 "kites" from Grose asking for follow-up orthopedic examinations fails to raise a reasonable inference that Butler actively or implicitly condoned deliberate indifference towards Grose's need for the examinations in that Butler timely investigated the matter after receiving the kites, Grose received a follow-up examination before Butler received the second kite, and Butler advised Grose that she was scheduled to receive a second follow-up examination.

As to defendants MDOC Director Caruso, SAIC Warden Curtis, and Deputy Director Yukins, Grose has failed to come forward with evidence of active unconstitutional behavior directed specifically at Grose. "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" Shehee, 199 F.3d at 300 (quoting Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir. 1998)). Grose has not come forward with evidence that Caruso, Curtis, or Yukins knew Grose needed medical care, let alone the level of care Grose received. Grose's objection that Caruso, Curtis, and Yukins failed to monitor the level of care provided to MDOC inmates by contractor CMS fails to articulate an actionable § 1983 claim, particularly when considering that none of these defendants have been shown to have a direct role in

4

negotiating CMS contracts, or training CMS or MDOC medical providers. Id.

Reasonable jurors could not conclude on this record that reasonable officials in the defendants' positions would have known that they were violating Grose's Eight Amendment right to receive medical care. Amway Distributors, 323 F.3d at 390. Grose's objection that a question of fact remains is not well taken. Accordingly, Butler, Caruso, Curtis, and Yukins are entitled to qualified immunity even assuming Grose could prove an Eighth Amendment claim. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citing Procunier v. Navarette, 434 U.S. 555, 565 (1978)).

Following de novo review of Grose's objections, the court hereby ADOPTS the August 10, 2009 Report and Recommendation as its own. Defendants Butler's, Caruso's, Curtis's, and Yukins' motion for summary judgment is hereby GRANTED. Plaintiff Grose's claims as alleged against defendants Butler, Caruso, Curtis, and Yukins are hereby DISMISSED in their entirety.

SO ORDERED.

Dated: August 25, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 25, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk